UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROSARIO MADISON**<br>3211 20TH Street, N.E.<br>Washington, D.C. 20018<br><br>   **Plaintiff**<br>**v.**<br><br>**Specialty Hospital of Washington, L.L.C.**<br>700 Constitution Avenue, N.W.<br>Washington, D.C. 20002<br><br>**Serve: Clifford E. Barnes**<br>       1227 25th Street, N.W., Suite 700<br>       Washington, D.C. 20037<br>       Registered Agent<br><br>**and**<br><br>**Specialty Hospital of Washington-**<br>**Nursing Center, L.L.C.**<br>700 Constitution Avenue, N.W.<br>Washington, D.C. 20002<br><br>**Serve: Clifford E. Barnes**<br>       1227 25th Street, N.W., Suite 700<br>       Washington, D.C. 20037<br>       Registered Agent<br><br>   **Defendants** | )<br>)<br>)<br>)<br>)<br>) **Case No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**
**(SEXUAL HARASSMENT, RETALIATION**
**TITLE VII, 42 U.S.C SECTION 2000(e)**

**PARTIES**

1. Plaintiff is an individual residing at 3211 20th Street, N.E., Washington, D.C. 20018.

2. Defendant Specialty Hospital of Washington, L.L.C., is a corporation with a usual place of business at 700 Constitution Ave., N.W., Washington, D.C. 20002. Defendant Specialty Hospital of Washington-Nursing Center, L.L.C., is a corporation with a usual place of business at 700 Constitution Ave., N.W., Washington, D.C. 20002.

## SUBJECT MATTER JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. Section 1331 because this case arises under a federal statute, namely Title VII, 42 U.S.C. Section 2000(e).

## PERSONAL JURISDICTION

4. This court has personal jurisdiction over defendants pursuant to District of Columbia Code Section D.C. Code Section 13-422 and 13-423(a)(1) because defendant(s) regularly transact(s) business in the District of Columbia.

## VENUE

5. Venue is proper in the District of Columbia pursuant to 42 U.S.C. Section 2000e-5(f)(3) because the unlawful practice giving rise to plaintiff's cause of action arose in the District of Columbia.

## FACTS COMMON TO ALL COUNTS

6. Between August 1, 2006 and January 5, 2007, plaintiff worked as a Certified Nurse's Assistant for defendants at 700 Constitution Avenue, N.W., Washington, D.C.

7. Between September 2006 and January 5, 2007, while plaintiff was working for defendant(s), one of plaintiff's co-workers, Patrick Lumbasi constantly made offensive sexual remarks and unwelcome sexual advances toward plaintiff. During this time period, Mr. Lumbasi tried to hug and kiss the plaintiff. He also made unwelcome sexual remarks

such as saying plaintiff was a "beautiful and sexy Hispanic" and "you probably can dance" and making kissing noises and saying that he wanted to kiss plaintiff all over her body. On September 19, 2006, Mr. Lumbasi followed plaintiff into a laundry room at work, blocked the exit and began rubbing his penis against her. Although plaintiff complained about this conduct, her employer did not discipline or terminate Mr. Lumbasi and he was allowed to continue to work for defendant(s). On January 5, 2007, Mr. Lumbasi was arrested for sexual abuse. When plaintiff's supervisor found out that plaintiff had complained to the police about Mr. Lumbasi and that Mr. Lumbasi had been arrested for sexual abuse, she became angry, told plaintiff that she had "disturbed the peace of the residents" and told plaintiff to go home. When plaintiff attempted to return to work on January 18, 2007, her supervisor told her that she had been replaced and that she could not return to work.

8. Mr. Lumbasi's conduct was so frequent, pervasive, physically threatening, humiliating, and severe that it altered the conditions of plaintiff's employment and created an intimidating, abusive, hostile, and offensive working environment which unreasonably interfered with plaintiff's performance of her job and had a severe impact on plaintiff's psychological well-being. Male employees were not subject to this type of treatment. Plaintiff was treated differently due to her gender.

9. While working as a Certified Nurse's Assistant for defendant, plaintiff earned the sum of $14.00 per hour. As a result of the loss of her job on January 5, 2007, plaintiff has lost income because she has never been able to earn as much money as she was earning while working for defendant. Plaintiff will continue to lose income for the forseeable future.

10. As a result of the loss of her job and the sexual harassment which she experienced, plaintiff has also suffered severe mental and emotional distress including depression, anxiety, embarrassment, and humiliation. As a result of the depression which she experienced, plaintiff became very nervous and she had trouble eating and sleeping.

11. On or about November 13, 2006, plaintiff filed a verified charge of hostile environment sexual harassment, sexual discrimination, and retaliation with the Equal Employment Opportunity Commission. Plaintiff filed an amended charge of hostile environment sexual harassment, sexual discrimination, and retaliation with the U.SA. Equal Employment Opportunity Commission on June 18, 2007. These charges were, in turn, cross-filed with the District of Columbia Office on Human Rights. The United States Equal Employment Opportunity Commission was unable to resolve the matter and on November 2, 2007, the EEOC issued a "Notice of Right to Sue Letter" to plaintiff giving plaintiff 90 days from November 2, 2007 within which to file a lawsuit concerning the case.

**COUNT ONE**
**(Hostile Environment Sexual Harassment, 42 U.S.C. Section 2000e)**

12. Plaintiff reincorporates all prior allegations contained in paragraphs one through twelve by reference into paragraph thirteen of Count One.

13. Mr. Lumbasi's actions in subjecting plaintiff to unwelcome sexual advances and touching her inappropriately was so frequent, pervasive, physically threatening, humiliating, and severe that it altered the conditions of plaintiff's employment and created an intimidating, abusive, hostile, and offensive working environment in violation of 42 U.S.C. Section 2000e which unreasonably interfered with plaintiff's performance of her job and had a severe impact on plaintiff's psychological well-being.

14. As a result of defendant's actions plaintiff has lost income and has experienced severe mental and emotional distress.

## COUNT TWO
### (Retaliation, 42 U.S.C. Section 2000e)

15. Plaintiff reincorporates all prior allegations contained in paragraphs one through fourteen by reference into paragraph fifteen of Count Two.

16. Plaintiff engaged in protected activity by complaining about the sexual harassment which she experienced

17. Plaintiff was terminated from her job because she complained about Mr. Lumbasi's harassment and requests for sex.

18. As a result of defendants' actions plaintiff has lost income and has experienced severe mental and emotional distress.

## DEMAND

WHEREFORE, plaintiff demands judgment in her favor and an award of

1. back pay;
2. front pay;
3. compensatory damages in the amount of $300,000.00;
4. punitive damages in the amount of $300,000.00;
5. pre-judgment and post-judgment interest;
6. an award of attorney's fees pursuant to 42 U.S.C. Section 1988;
7. costs; and
8. such other and further relief as the nature of this case may require.

## DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted:

_____
James A. DeVita, D.C. Bar #370578
2111 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
703-351-5015
703-351-9750 (facsimile)
 jdevita@devitalaw.com
Attorney For Plaintiff

Case 1:08-cv-00112-PLF   Document 1   Filed 01/18/2008   Page 6 of 6

≫ JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question (U.S. Government Not a Party)
- ❏ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - Med. Malpractice | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal 28 USC 157 | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 365 Personal Injury - Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881 | | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | ❏ 368 Asbestos Personal Injury Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 370 Other Fraud | ❏ 650 Airline Regs. | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | ❏ 371 Truth in Lending | ❏ 660 Occupational Safety/Health | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal Property Damage | ❏ 690 Other | | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 810 Selective Service |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge 12 USC 3410 |
| ❏ 196 Franchise | | | ❏ 730 Labor/Mgmt.Reporting & Disclosure Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate Sentence | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 892 Economic Stabilization Act |
| ❏ 220 Foreclosure | ❏ 442 Employment | **Habeas Corpus:** | ❏ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 240 Torts to Land | ❏ 444 Welfare | ❏ 535 Death Penalty | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | **IMMIGRATION** | | ❏ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 440 Other Civil Rights | ❏ 555 Prison Condition | ❏ 463 Habeas Corpus - Alien Detainee | | |
| | | | ❏ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district (specify)
- ❏ 6 Multidistrict Litigation
- ❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE                           SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.