IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSARIO MADISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:08-cv-112-PLF |
| SPECIALTY HOSPITAL OF WASHINGTON, L.L.C., *et al.* | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANSWER AND ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Defendant Specialty Hospital of Washington, L.L.C. and Defendant Specialty Hospital of Washington - Nursing Center, L.L.C., (collectively, "Defendants"), by and through their undersigned attorneys, hereby file their Opposition to Plaintiff's Motion to Strike Answer and Entry of Default and Default Judgment.

**INTRODUCTION**

Defendants acknowledge that, due to a docketing error, their Answer was filed one day late and apologize for this oversight. They are, however, surprised that Plaintiff would move for an entry of default without so much as even calling to inquire of defense counsel as to why the Answer was filed on May 21, 2008. Plaintiff's request for an entry of default is particularly ironic in light of the fact that she filed her Complaint on January 18, 2008, and waited almost four months to serve it on Defendants. Plaintiff cannot actually be suggesting that, under the facts present in this case, she has been prejudiced by the passing of this extra day.

DC1 30231422.4

Moreover, Plaintiff's request for a default is even more implausible given that she has failed to name the proper defendant in this case. Plaintiff names two entities in her Complaint -- neither of which are her employer. Defendants could have, like Plaintiff, filed a procedural motion to address this deficiency, asking this Court to dismiss the Complaint and require Plaintiff to re-file and re-serve the Complaint. However, Defendants chose not to burden the Court or counsel with such a motion. Rather, out of professional courtesy, they simply notified Plaintiff of her error in their Answer with the thought that counsel could agree on a substitution of parties.

Plaintiff also claims that the Answer was not served on her in the required manner, given her *pro se* status. However, as set forth below, Defendants were not aware that Plaintiff was proceeding *pro se*. The undersigned firm has been in contact with Plaintiff's prior counsel, Mr. DeVita, regarding this case, and he did not notify the undersigned that he had filed a motion to withdraw or the fact that it had been granted. Thus, Defendants had no reason to serve the Answer directly on Plaintiff.[1]

For the foregoing reasons and those set forth more fully below, Plaintiff's motion to strike Defendants' Answer and her request for an entry of default judgment must be denied.

## STATEMENT OF FACTS

On January 18, 2008, Plaintiff, through her then-attorney, James DeVita, filed her Complaint with this Court. *See* Docket No. 1. Defendants' counsel had been in discussions with Mr. DeVita regarding Plaintiff's Complaint and a possible resolution of Plaintiff's claims. On May 5, 2008, unbeknownst to Defendants, Mr. DeVita filed a motion to withdraw as Plaintiff's

---

[1] The undersigned counsel make these representations as officers of the Court. Should the Court require or prefer a declaration as to any of these matters, counsel will promptly file such declarations.

counsel.  *See* Docket No. 2.  However, despite the fact that he was aware that the undersigned firm was representing Defendants in this matter, Mr. DeVita did not notify Defendants' counsel that he had moved to withdraw as Plaintiff's counsel.  On May 15, 2008, the Court granted Mr. DeVita's motion to withdraw.  *See* Docket No. 3.  Defendants did not receive a copy of Mr. DeVita's motion or the Court's order.

Due to a docketing error, Defendants filed their Answer to Plaintiff's Complaint on May 21, 2008, rather than May 20, 2008.  *See* Docket No. 4.  Pursuant to the Summons received with the Complaint, Defendants were to serve Mr. DeVita with a copy of the Answer.  Defendants electronically filed their Answer via ECF and expected that Mr. DeVita would be duly served.  Once the undersigned counsel was able to obtain the necessary information from their client, Defendants then filed their Corporate Disclosures Statement on May 29, 2008.  *See* Docket No. 9.

On May 26, 2008, Plaintiff's newly obtained counsel, Mr. Seymour, filed his Notice of Appearance.  *See* Docket No. 5.  Plaintiff's counsel also filed a Motion to Strike Defendants' Answer and Motion for an Entry of Default and Default Judgment.  *See* Docket No. 8.  This was the first notice Defendants' received of Mr. DeVita's withdrawal or the fact that Plaintiff had not received the Answer.

## ARGUMENT

### I.     Entry of a Default Judgment Is Not Warranted

The entry of a default judgment is very much disfavored by the courts.  It has been regularly held that Federal Rule of Civil Procedure 55(c) must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgment.  *See Butler v. Pearson*, 636 F.2d 526, 530 (D.C. Cir. 1980).  *See also Jackson v. Beech*, 636 F.2d 831, 835

(D.C.Cir. 1980); *Pulliam v. Pulliam*, 478 F.2d 935, 936 (D.C. Cir. 1973) ("Since a default is not favored in the law, all doubts should be resolved against entering a default judgment."). The Federal Rules of Civil Procedure "embody an effort to ensure that courts decide cases based on the strength of the adversaries' arguments rather than on the skillful use of technicalities." *See Canady, M.D. v. Erbe Elektronmedizin GMBH*, 307 F. Supp. 2d 2, 8 (D.C. 2004) *citing Foman v. Davis*, 371 U.S. 178, 181-182 (1962) (explaining that "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of [] mere technicalities.").

In determining whether the entry of a default judgment is appropriate, the District of Columbia Circuit has announced three criteria to consider: (1) whether the defendant's lack of response was willful; (2) whether not entering a default would prejudice the plaintiff; and (3) whether the defendant will likely assert a meritorious defense. *See Savage v. Scales*, 310 F.Supp.2d 122, 127 (D.D.C. 2004) (denying motion for default judgment); *Jackson*, 636 F.2d at 836. *See also Draper v. Coombs*, 792 F.2d 915, 924-925 (9th Cir. 1986) (district court did not abuse its discretion in denying motion for default judgment when defendant submitted answer on same day as motion for default judgment was filed and there was no showing of prejudice); *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (district court was within its discretion in denying a default judgment when defendant's slight delay in answering did not prejudice plaintiff).

None of the required elements for entry of a default judgment are present here, and Plaintiff does not, and cannot, argue that they are. Indeed, Plaintiff's papers in support of her request for entry of default merely regurgitate the relevant portions of the applicable rules of procedure. As explained earlier, Defendants' filing of their Answer one day late was not willful

4

or motivated by bad faith. It was due to a docketing error. Moreover, Plaintiff has not experienced any prejudice as a result of this very brief delay. This is especially true in light of the fact that Plaintiff did not even bother to serve her Complaint on Defendants until almost four months after it was filed.

Further, as Defendants' Answer exhibits, Defendants have asserted a potentially meritorious defense. These defenses are also shown, at least in part, in the position statement that Plaintiff attaches in support of her motion. For these reasons, the Court must deny Plaintiff's request for entry of a default judgment. *See Savage*, 310 F.Supp.2d at 127 (denying motion for default judgment and finding no evidence of bad faith, no prejudice to plaintiff and a potentially meritorious defense asserted by defendant).

Indeed, Plaintiff's request for default cannot be granted because she is seeking a default judgment against an entity against whom she can have no relief. Neither of the entities named in the Complaint are her employer. Plaintiff claims that the fact that Defendants did not raise the issue of the wrong entity being named before the Equal Employment Opportunity Commission has some significance here. It does not. There was no need to raise this issue before the EEOC. The EEOC has no authority to impose liability on the parties before it. Even if the EEOC had made a probable cause finding, which it did not, such a finding is "lifeless, and can fix no obligation nor impose any liability on the [parties]." *Georater v. EEOC*, 592 F.2d 765 (4th Cir. 1979) (cited with approval in *Atlantic Richfield Co v. U.S. D.O.E.*, 769 F.2d 771, 787 (D.C. Cir. 1984)). Thus, the fact that Defendants did not raise the issue of whether Plaintiff had identified the right party in her EEOC charge is immaterial.

At bottom, there is no legal or factual basis whatsoever for the entry of a default judgment in this case, and Plaintiff's request for an entry of default must be denied.

## II.   Plaintiff's Motion to Strike Defendants' Answer Must Also Be Denied

Courts generally disfavor motions to strike because they propose a drastic remedy. *See Canady, M.D. v. Erbe Elektronmedizin GMBH*, 307 F. Supp. 2d 2, 7-8 (D.C. 2004) (denying motion to strike; noting that defendants' attempt to strike plaintiff's answer so court could declare default and proceed to default judgment contravened the established policies disfavoring motions to strike and favoring the resolution of cases on their merits); *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 201 (D.C.Cir. 1981); *see also Stanbury La Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (striking pleadings is an extreme measure; motions to strike are viewed with disfavor and are infrequently granted).

Plaintiff argues that the Answer should be stricken because it was not served on Plaintiff and was not accompanied by a corporate disclosure statement. These facts do not provide a basis for striking Defendants' Answer. First, Defendants had no reason to serve the Answer directly on Plaintiff or prepare the certificate of service used for *pro se* parties. Defendants' counsel was not aware that Mr. DeVita no longer represented Plaintiff at the time they filed their Answer. As such, Defendants acted in accordance with their obligation under the Summons and filed the answer electronically, expecting Mr. DeVita to be served with the Answer in due course.

Additionally, the fact that Defendants' Corporate Disclosure Statement was filed after their Answer was filed does not form a basis for striking the Answer. Defendants filed the Corporate Disclosure Statements as soon as they were able to obtain the necessary information required so that the purposes behind such a disclosure could be served.

For the foregoing reasons, Plaintiff's Motion to Strike Defendants' Answer should be denied.

WHEREFORE, Defendants respectfully request that Plaintiff's motion be denied.

>Respectfully submitted,
>
>By: /s/ Elisabeth Moriarty-Ambrozaitis
>    Karla Grossenbacher, Esq. #442544
>    Elisabeth Moriarty-Ambrozaitis, Esq. # 488848
>
>    SEYFARTH SHAW LLP
>    815 Connecticut Avenue, N.W.
>    Suite 500
>    Washington, D.C. 20006-4004
>    (202) 463-2400 (ph)
>    (202) 828-5393 (fax)
>
>    kgrossenbacher@seyfarth.com
>    emoriarty@seyfarth.com
>
>    Attorneys for Defendants

Date:  June 5, 2008

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Opposition was served via ECF on June 5, 2008 upon:

Richard T. Seymour
Law Office of Richard T. Seymour, P.L.L.C.
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036-4129

Attorney for Plaintiff

        /s/ Elisabeth Moriarty-Ambrozaitis
        Elisabeth Moriarty-Ambrozaitis